## Charles W. Stange v. John B. Wilson.

*Contract: Parol evidence: Reasonable time.* Where a contract, for the perform-
ance of work in furnishing articles to be manufactured for a building, contained
no time of performance, evidence that the parties agreed cotemporaneously, by
parol, that they should be furnished at a certain time, is not admissible, as it
would be varying the terms of the written contract.

Where no time is fixed by a contract for performance, the law implies that
it is to be performed within a reasonable time, which must depend upon all
the facts and circumstances, and not upon mere opinion or expectation.

*Heard October 9th. Decided October 14th.*

Error to Wayne Circuit.

This was an action of assumpsit, brought to recover the
value of certain iron work made under a contract.

The declaration was upon the common counts.

Judgment was rendered for plaintiff.

In the course of the plaintiff's evidence, it appeared that
said work was done under a special contract in writing,
signed by both parties, and which was introduced. It was
in the following words:

"This agreement, made this 18th day of September, 1866, between
J. B. Wilson, founder and machinist, of the City of Detroit, County
of Wayne, State of Michigan, of the first part, and Charles Stange,
of the same place, of the second part, witnesseth,

1. The party of the first part, for himself, his heirs, executors
and administrators, agrees to make, for the party of the second part,
all the iron work, consisting of wrought iron and cast iron, accord-
ing to plans furnished by G. W. Lloyd, architect, for Detroit and
Milwaukee Railway Depot, for and in consideration of the sum of
$5,000.

2. The party of the second part, for himself, his heirs, executors,
administrators and assigns, agrees to pay to the party of the first
part, "for the above mentioned articles," the sum of $5,000, in the
manner following, to wit: ———

In witness whereof the said parties have hereunto set their hands
and seals, the day and year first above written."

The facts are stated in the opinion.

*Levi Bishop,* for plaintiff in error.

1. The contract was evidently left incomplete by the parties. They begin to express the manner in which the payments for the work shall be made, and then fail to do so. These words can not be rejected, for in construing the contract the whole of it must be considered.— *Chitty on Cont. 20; 2 Pars. on Cont. 501.*

This defect of the contract ought to have been supplied by averment and proof. If the mode of payment as understood and agreed had been set out, it might have appeared that the payments were to be made in articles other than money, or that a credit was given which had not expired when the suit was brought, and therefore that the suit was premature. It is for the plaintiff to make out his case on the record and by proofs. It is quite likely that the plaintiff found himself embarrassed by the first proposition laid down by *Mr. Greenleaf* in *2 Greenlf. Ev. § 104.*

It was competent thus to remedy a defect, as an agreement may be partly in writing and partly by parol. — *2 Pars. on Cont. 492, note b; 16 Penn. 43; 5 Whart. 398; 3 M. and W. 402; 2 Dallas, 180.*

This involved the necessity of a special count in the declaration, setting the facts out fully. It seems that the plaintiff tried to avoid the production of his written instrument, and it only came out incidentally in the course of the trial. When it thus appears in the case, it shows that the plaintiff is not entitled to a judgment on the record as it stands.

There appears to have been a blank left in the contract, which may and even must be supplied by parol, before the contract can be available. — *Chitty on Cont. 25; 1 Phillips on Ev. 540; see also note 950 to same in vol. 3; 13 Mass. 158; 2 Dallas, 180.*

From the words used in the agreement there must have been a mode of payment intended, other than, immediately,

in money, when the work was done. That intent was for the jury to determine when the whole agreement and understanding, as shown by both verbal and written testimony, should be presented to them.—*3 M. and W. 403.*

2. The questions put to Chapaton and Noble ought to have been allowed. The court declare that the time for having the work done was fixed by the contract. On an inspection of the contract this appears not to be the case. The most that can be said is, that, as a conclusion of law, it was to be done in a reasonable time. It could not be immediately, for the work had to be manufactured.

We did not thus seek to vary or enlarge a written instrument; but an agreement being part in writing and part in parol, we sought to show the parol part. In such a case, as I have argued, the whole contract may be shown by both species of evidence, and then it is for the jury to determine from the whole evidence what the real bargain was. *5 Whart. 598.*

3. Where no time within which work is to be done is expressed in a contract, the legal effect of the instrument is that it must be done in a reasonable time; and while we can not change the terms of the instrument by parol evidence, or alter its legal effect, the question as to what is the reasonable time under it must be determined by proofs *aliunde.* That fact must be settled by testimony *in pais*—*2 Pars. on Cont. 551 and note e; 16 Pick. 227, 231; Moody and M. 300.*

4. The question of reasonable time being one to be settled by testimony, the contemporaneous declarations of both parties who understood the subject better than anybody else, and especially of the plaintiff himself, touching that very time, if not evidence of a binding contract resting partly in parol, are certainly competent evidence as declarations and admissions of the parties bearing directly upon the question.

5. In connection with the question of time, the evidence offered was competent and very important as bearing on the

STANGE v. WILSON.

question of damages. Having done the work on a special agreement, but not in time, plaintiff was entitled to recover only the amount of benefit which, under all the circumstances, the defendant had received from the work done.— *2 Greenlf. Ev. § 104.*

*Moore & Griffin,* for defendant in error.

1. The testimony offered by plaintiff in error was properly excluded.

It was competent for either party to incorporate in their contract a limitation as to time. Not having done so, the law steps in and requires performance within a reasonable time.— *11 Mich. 531.*

This case is clearly within the well established rule that parol evidence is not admissible to vary a written contract.

2. A contract is not void by reason of the omission as to time of performance or payment. The legal effect of the contract is, that the work shall be performed within a reasonable time, and payment made on delivery.— *7 Durnf. and East, 121; 1 East, 203; 13 Wend. 285; 1 Hill, 579.*

The contract was executed on the part of the plaintiff below, and he was entitled to recover under the common counts, the price stipulated.— *1 Doug. 513; 11 Wend. 417; 22 Id. 576; 2 Wall. 1.*

CAMPBELL J.

Wilson sued Stange for the value of certain iron work, which turned out on the trial to have been furnished under a written contract, containing only an agreement that Wilson should make "all the iron work, consisting of wrought and cast iron, according to plans furnished by G. W. Lloyd, architect, for Detroit and Milwaukee Railway Depot, for and in consideration of the sum of $5,000." The time of furnishing the iron was not referred to, and the time of payment was also left in blank. The only question properly

17 MICH. — X.

presented by the record is, whether certain testimony was properly excluded, the defense resting on the claim that the work had not been furnished as soon as it ought to have been.

On the trial, the question was asked on cross-examination of one of the plaintiff's witnesses, "When the plaintiff had agreed to have said work done?" Another witness was asked on cross-examination, "Within what time it was that the plaintiff was to have the work in question done for the defendant?" Both of these questions were excluded, on the ground that parol proof could not be received, because the contract must speak for itself concerning the agreed time of performance.

The defendant below, in his defense, " offered to show by evidence that, at the time of making said written contract, it was agreed by parol that the work in question should be furnished by the plaintiff as fast as it might be required by the masons and carpenters, who should do the work on the building for which such work to be furnished by the plaintiff was intended; the defendant proposing, in making such offer, to follow up such evidence by testimony that the plaintiff had failed to furnish such work and materials as so agreed, and failed to furnish them as fast as required by said masons and carpenters," and to show consequent damage. This was also rejected.

It was claimed on the argument that this testimony was admissible on two grounds: *First,* To remedy a defect in the written agreement by parol; and, *second,* To show what was reasonable time.

There is no ground for maintaining that such proof is proper to complete or supplement the written agreement. It is very plain that an agreement to do a thing within a definite time can never be identical in spirit or substance with an agreement to do it within a time not fixed, and which in law is to be merely a reasonable time. And where the written contract is left in that indefinite shape, an

agreement to make it definite is an agreement to alter it; and this can not be done by any contemporaneous parol understanding. The elementary rule, excluding parol evidence offered for any such purpose, is so plainly applicable as to need no explanation.

There is much more plausibility in the second ground, which maintains the admissibility of the evidence as bearing on the question of reasonable time. But it seems to me that it has no real tendency to show what time was reasonable, either alone, or as a step in natural connection with any other proof, proposed or relevant.

The supplemental proof, which the defendant below proposed to introduce, was simply proof of a breach of this parol agreement, in not furnishing articles within the time as promised. That proof was undoubtedly competent to prove damages in case the court should find that it was unreasonable not to furnish the iron as fast as required by the workmen, but it could have no possible bearing on the reasonableness of their requisitions. Unless the proof of the parol agreement being made tended. to prove of itself that the time thus fixed was reasonable, independent of any binding force in the agreement, it was rightly ruled out.

It was argued that it had this tendency, because the fact that the parties were willing to agree upon such terms shows they must have thought them reasonable. This is in fact claiming for the parol communications the full force of an agreement; and it would be a fair answer to such a claim to say, that, inasmuch as when they made their written agreement, by which only they were to be bound, they omitted this clause from it, it must follow that they were not willing to agree that it would be reasonable. And this is really the defect in the claim, that it confounds causes with consequences. If time is reasonable, it is because circumstances make it so, and not because it is so agreed; and if parties agree that it is reasonable, it must be presumed that they are so persuaded by the circumstances, which can

not derive any force or bearing from their opinions, whether one way or the other.

When a contract is to be performed within a reasonable time, the law implies that the parties contract in view of all the pertinent facts that may be mutually known to them, and it requires them to exercise such reasonable diligence as under all then and subsequently existing circumstances might be fairly expected. . When a court or jury is called upon to decide whether they have complied with what might have been reasonably expected, there must be proof of such facts as will show what ought to have been done. Where there has been an agreement, it must be complied with, whether reasonable or not, simply because the parties for a lawful consideration have seen fit to make it. But where the promise made is no promise in law, it must be regarded as a nullity. To accept it in any shape as a basis or proof of obligation is to enforce it. Upon the theory of this defense, if Stange had sued Wilson for not furnishing his iron in time, and this proof should be received as tending to fix that time, it would require counter-proof to prevent him from having the same benefit as if the parol agreement had been contained in the written. But the rule of law, which excludes parol evidence of agreements where there are writings, does so on the express ground that it must be presumed the writing contains all the parties were willing to adhere to. And it certainly seems unreasonable to allow, in the face of such a rule, any inference whatever that they were willing to adhere to anything else. And to prove, when a reasonable time is agreed upon, that at the same time it was understood what time would be reasonable, is equivalent to proving they agreed on that time either absolutely or conditionally, but it is no proof whatever of the only important point, which is whether the time was really reasonable. Opinions are excluded from evidence because they are conclusions which the court or jury are to draw for themselves. They are not usually binding upon parties

even when distinctly expressed during negotiations, and are never binding unless when it is understood they are to be acted upon by one who expressly relies upon the greater knowledge of the other. In other words, they are only binding when the expression of an opinion is equivalent to the assertion of a fact. But in this case a fact is sought to be deduced from an opinion, when the existence of the opinion itself is only inferred from an agreement, and when the agreement is void. If it is said the inference should be that what parties are willing to agree upon is reasonable, it is quite as likely, and is an absolute legal presumption, that when parties express their agreements in writing, their minds have settled down upon nothing material which is not in the contract. But inasmuch as unreasonableness is no answer to a contract, the objection becomes still more conclusive that no presumption can be predicated on what parties voluntarily omit to agree upon. An expressed opinion, upon which parties decline to act, would be an unsafe ground to rest upon as proof of a fact; but where fact and opinion are both implied from a proposition which the parties do not accept as binding, the inferences become too remote to fall within any safe rule of evidence. It must be remembered also, that proof that a party thought a certain time unreasonable would have no tendency in law to prove it, and affirmative proof that no time was even spoken of would not exonerate plaintiff if he did not act with proper diligence.

The only case which I have met with which appears to hold that such proof as was here offered tends, by showing what the parties thought, to prove what would be reasonable, is *Cocker v. Franklin Manuf. Co. 3 Sumner, 530.* The facts are not given so as to show very clearly how far the case is like this, but it would seem, from the language of Judge *Story,* to have been analogous. It was, however, a *nisi prius* ruling in a charge to a jury who disagreed, so that it never came up for deliberate review; and the only

authority it purports to rely upon is *Ellis v. Thompson, 3 Mees. and W. 445,* which rests upon entirely different principles, and which announces the true doctrine, that the facts on which the parties acted, and the assertions of one concerning the existence of facts on which the other relied, may always be shown to explain their conduct and to show the basis of their action. Proof of facts is a very different thing from proof of promises. A misrepresentation of material facts is a fraud. A broken promise can only be ground of redress when in the shape of a binding agreement.

On the other hand, this doctrine is opposed, not only by the principles underlying the rejection of parol evidence to affect written contracts, but also by some cases, at least, which resemble this quite closely, although not absolutely parallel. In *Greaves v. Ashlin, 3 Campb. 426,* it was held that where a contract was silent as to the time of delivery, evidence of a parol agreement to take the property at once, was inadmissible. Where articles are actually ready for delivery, a court certainly could not say there would, as matter of law, be anything unreasonable in immediate delivery, and the promise, therefore, was just as pertinent in that case as in this. In *Simpson v. Henderson, Moo. and M. 300,* a very similar principle was involved, and a similar conclusion was reached. In *Lafarge v. Rickert, 5 Wend. 187,* it was held that, where a contract was silent as to place of delivery, proof by parol of an agreed place was improper. In *Williams v. Jones, 5 B. and Cr. 108,* where an agreement by an attorney to take another into partnership mentioned no time for so doing, parol evidence that he was not then admitted, and that nothing was done till his admission, was rejected, although the effect was to render the written contract illegal.

There is in none of these cases, nor in any others that I have found (except the case in *3d Sumner*), any intimation that the proof, which was not valid to prove new terms to an agreement, was valid to affect it indirectly, by

raising presumptions concerning the belief or expectation of the parties. It is hardly possible that such a use of testimony would have eluded the ingenuity of so many learned courts and counsel, if it is really admissible. And if such proof is to be received, it is manifest that the rule excluding parol evidence will become very difficult and uncertain in its application, if not entirely useless. The distinction is too refined to be safe, and the presumption required too remote and contingent to furnish any substantial foundation for legal judgment.

I think there is no error in the record, and that the judgment should be affirmed, with costs.

The other Justices concurred.