JOSEPH COON v. DEWITT C. SPAULDING AND JAS. H. ROGERS.

*Contract to deliver hay—Reasonable time,*

A contract for the sale of hay, dated Sept. 25, stipulated that it was to be delivered in a reasonable time after being pressed. The purchasers did not call for the hay to press it until the 22d of November, when the vendor refused it, and they sued him on the contract. *Held,* that plaintiff's delay was unreasonable.

Where a written agreement to furnish merchandise does not state when it is to be furnished, evidence of a contemporaneous parol agreement fixing the time is inadmissible.

Error to Wayne. Submitted Oct. 14. Decided Oct. 26.

ASSUMPSIT. Defendant brings error. Reversed.

*F. A. Baker* for plaintiff in error. Reasonable time for the performance of a contract is so much as is necessary for doing conveniently what the contract requires: *Howe v. Huntington* 15 Me. 350; a contemporaneous parol understanding as to what the parties regarded as reasonable time cannot be shown: *Stange v. Wilson* 17 Mich. 342; it would be merged in the written agreement: *Frost v. Everett* 5 Cow. 497; a contract which the Statute of Frauds requires to be in writing cannot be modified by a subsequent parol agreement: *Stead v. Dawber* 10 Ad. & El. 57; *Marshall v. Lynn* 6 M. & W. 109; *Blood v. Goodrich* 9 Wend. 79; *Harvey v. Grabham* 5 Ad. & El. 61; Benj. Sales § 216.

*S. R. Harris* and *Henry M. Cheever* for defendant in error. The question whether delay is unreasonable is one

of law: 2 Pars. Cont. 535, 661; *Carll v. Brown* 2 Mich. 401; *Phœnix Ins. Co. v. Allen* 11 Mich. 501; in *Chadwick v. Butler* 28 Mich. 349 a contract made July 20th to sell and deliver a crop of wool "in a reasonable time, viz., within two weeks," a demand for delivery made August 12, was held as a matter of law to be within a reasonable time: see also *Bennett v. Beam* 42 Mich. 346; *Grant v. Merchants' & Manufacturers' Bank of Detroit* 35 Mich. 528; *Druse v. Wheeler* 26 Mich. 196; *Echols v. New Orleans etc. R. R.* 52 Miss. 610; *Kingsley v. Wallis* 14 Me. 57; *Portland v. Water Co.* 67 Me. 135; *Howe v. Huntington* 15 Me. 350.

MARSTON, C. J. As stated in the brief of counsel for plaintiff in error, the main question in this case is, whether the plaintiffs below, defendants in error, went to Coon's to press the hay contracted for within a reasonable time after the contract was made. The following is the written contract sued upon:

"DEARBORN, MICH., Sept. 25, 1879.

"Received from Spaulding & Rogers fifty dollars to apply on purchase of hay, estimated at one hundred tons more or less, to be delivered at Fisher's station, at $10 per ton, including board for men and teams, fuel for engine and men to pitch the hay to the press. Hay to be paid for as delivered, and to be delivered in a reasonable time after being pressed.

"$50.                                        JOSEPH COON."

November 22d, 1879, Spaulding & Rogers were at Mr. Coon's place ready to press the hay, but Mr. Coon declined to let them have it.

It will be noticed that the contract is silent as to who shall press the hay and also as to when it shall be pressed, and assuming that Spaulding & Rogers were to press the hay, whether they were ready and offered to do it within a reasonable time' will depend upon the admissibility and weight to be given certain oral testimony offered by them.

The plaintiffs below offered evidence, viz., the testimony of Rogers, one of the plaintiffs, tending to show that they were ready to commence pressing the hay at the time the contract was entered into, but that Mr. Coon was not ready and requested them to wait for three weeks until he could

get certain fall work done. The plaintiffs also introduced a letter-press copy of a letter mailed November 10th to the defendant, properly addressed, postage prepaid, with their card on the envelope and a request to return in five days if not called for, but which was not returned, which letter was as follows:

"WAYNE, MICH., Nov. 10, 1879.

*Joseph Coon, Esq., Dearborn, Mich.*—DEAR SIR: We have been waiting to hear from you about hay, and let us know when it will be convenient to press your hay. We are now pressing and loading at Plymouth, and expect to finish the present job this week, and shall then be prepared to come to your place next, reaching there some time next week. Hoping this will prove satisfactory, we remain yours truly,        SPAULDING & ROGERS."

To this they received no reply. There was no farther or other communication between them, until they went to press the hay November 22d, as already stated. And first was this evidence admissible? Counsel for plaintiff in error insists it was not for two reasons, viz.: That the conversation about waiting three weeks until Mr. Coon should get his fall work done, took place at the time the contract was entered into, having been talked over immediately before and after the contract was signed, and that it was therefore merged in the written agreement. And the contract being one which the statute of frauds required to be in writing, could not be modified by a subsequent parol agreement.

The position taken by counsel for plaintiff in error as to the time the conversation took place is undoubtedly correct. On cross-examination Mr. Rogers testified that "before the contract was signed he and Mr. Coon had talked about the time the plaintiffs should come to press the hay; that Mr. Coon said he should be busy for three weeks, and they could have the hay any time after that, which the witness understood meant a reasonable time after three weeks; that no time was fixed within which the plaintiffs should come." *Question.* That is, there was no time agreed upon? *Answer.* No, sir; but the last thing I said to him was "if you get ready before we do, let us know."

This witness farther testified that he did not see Mr. Coon from the day the contract was signed until the day he moved the machine there and demanded the hay, November 22d; and that all he did in the meantime was to write the letter of November 10th, above given.

The case, therefore, seems to come clearly within the decision in *Stange v. Wilson*, 17 Mich. 342, and the reasoning in that case applies with full force here. The substance of all the testimony is set forth in the bill of exceptions, and we are unable to find any testimony fairly tending to show that there was any subsequent oral modification of the contract, even admitting such to have been admissible.

It was therefore forty-five days after the contract was made before the letter of November 10th was written, specifying that the following week the plaintiffs would be ready to proceed with the work on their part. The oral evidence being inadmissible, the delay was greater than in the ordinary course of business could fairly have been required, or understood by the parties to enable the plaintiffs to enter upon the work. It exceeded any possible time required by reason or necessity, and considering the time of year, and that the defendant had to draw and deliver the hay at a place named after it was pressed, it is not to be presumed that so long a delay was contemplated. *Phœnix Ins. Co. v. Allen* 11 Mich. 510: *Druse v. Wheeler* 26 Mich. 195: s. c. 22 Mich. 441.

The judgment must be reversed with costs and a new trial ordered.

GRAVES and COOLEY, JJ. concurred.

CAMPBELL, J. I agree in the conclusion that there should be a new trial, and I also agree in the construction of the contract when taken by itself, that is explained by the Chief Justice. But I think there was evidence of subsequent dealings sufficient to make the question of reasonable time proper to go to the jury.