CONKLING *v.* NICHOLAS.

1. EVIDENCE—LOST DOCUMENTS—PROOF OF CONTENTS.
   The fact that, in reciting the contents of a lost letter, a witness states matters that would not be admissible as original testimony, is not ground for reversal.

2. SALE—DELAY IN SHIPMENT—RESCISSION—ESTOPPEL.
   A purchaser of goods is not estopped from refusing to accept them on the ground that they were not shipped within a reasonable time, where, though he was advised of the date of shipment a few days in advance, and made no reply, he had previously undertaken, in good faith, to countermand his order because of the delay, and supposed that word would be received by the seller in time to prevent the shipment.

Error to Delta; Stone, J.  Submitted June 3, 1903. (Docket No. 13.)  Decided June 30, 1903.

*Assumpsit* by Samuel P. Conkling against Andrew Nicholas for goods sold and delivered.  From a judgment for defendant, plaintiff brings error.  Affirmed.

*Cummiskey & Yelland*, for appellant.

*G. R. Empson*, for appellee.

MOORE, J.  This action was commenced in justice's court.  The case was appealed to the circuit court, where it was tried by a jury, which returned a verdict in favor of defendant.

The defendant is a hardware dealer living at Gladstone, Mich.  His son was in charge of the store, and gave an order to Salesman F. W. Benedict for $51.30 worth of Asbestine.  The formal heading of the order is as follows:

"Order No. 142.                              May 7, 1900.
    "The Alden Speare's Sons Co.
    "On your approval ship to
Name of proprietor—A. Nicholas,
                        Hardware.
Town—Gladstone.        State—Michigan.
How ship—By boat.
Terms—30 days net, f. o. b. Detroit.
    —2 per cent., 10 days.   10 per cent off list.
    "This order positively not subject to countermand, as
it may be turned over to a jobber, to be shipped and billed.
No agreement binding except it be in writing on face or
back of this order."

It is the claim of defendant that, before these goods were
received, the same person who gave the order wrote a
letter directed to the Alden Speare's Sons Company, De-
troit, Mich.   This letter was afterwards returned to the
defendant, and was shown to have been delivered to his
attorney, and afterwards destroyed in a fire which de-
stroyed his office.   Upon the trial the writer of the letter
gave parol proof of the substance of the letter, to the effect
that it was too late to ship the goods; that it was agreed
they were to be shipped not later than one week after the
order was given; and not to ship the goods.   He also
testified he had no knowledge of any one in connection
with the transaction except Alden Speare's Sons Company,
and supposed their address was Detroit, as the goods were
to be shipped from there.   Alden Speare's Sons Company
turned the order over to the plaintiff, who testified:

    "The Alden Speare's Sons Company was a wholesale
paint house, located at Boston, Mass.   I had business
dealings with them, and had an arrangement with them
whereby they were to send an agent through this State to
solicit orders for paints, and all orders so received were to
be turned over to me to fill; I being a jobber, and I agree-
ing to fill all such orders by purchasing the necessary
goods from them.   F. W. Benedict was their agent in this
State at that time.   I received these orders about May 9th
or 10th, 1900."

After the order was received by the plaintiff, he wrote
the following letter:

"DETROIT, MICH., June 5, 1900.
"Mr. A. NICHOLAS,
    "Gladstone, Mich.
"*Dear Sir:* Referring to your order of May 7th, for
Asbestine Cold Water Paint, we are pleased to advise
that we are now in position to fill all orders for paint, and
that shipment to you will go forward on the 8th inst. without fail."

He received no reply to this letter, and on the 11th of
June shipped the goods. They reached the defendant the
18th of June, when he wrote plaintiff as follows:

"GLADSTONE, MICH., 19 June, 1900.
"S. P. CONKLING, Esq.
"*Dear Sir:* I wrote you not to ship Asbestine. It is
so late now that I could not use it. It was to be here in a
week. Now it is near five weeks, and the season is about
over. I bought no Asbestine, waiting from day to day
for your shipment, and lost sale then. It has made it bad
all round. Will keep it here subject to your orders."

The plaintiff declined to take the goods back. The
defendant did not use them, and they were destroyed by
a fire which destroyed the store of defendant in the following year.

It was the claim of plaintiff that the goods were shipped
within a reasonable time; that the order was not subject
to countermand; and that, after he wrote defendant the
letter of June 5th, it was the duty of defendant to reply
to that letter, and that, as he did not, he is estopped from
saying he was not obliged to receive the goods. It was
the claim of the defendant that the bulk of his sales of
these goods were made in April, May, and June; that
goods should reach Gladstone from Detroit in from three
to eight days; and that these goods were not shipped
within a reasonable time, and that he had a right to countermand the order after an unreasonable time had elapsed,
and that he did this by writing a letter addressed to the
firm to whom he had given the order, addressed to the
place from which the goods were to be shipped; that he
had a right to assume that letter had not been received

when the letter of June 5th was written, but that it would be received, so that a reply to the letter of June 5th was not necessary.

The judge submitted the case to the jury under a very carefully prepared charge. He told them, among other things:

"Now, gentlemen, whose goods were they at that time? If these goods were shipped and reached the defendant within a reasonable time, under all the circumstances of the case, the title passed to the defendant, and the defendant ought to pay this claim; and the loss would fall upon the owner, whoever the owner is, in the destruction of these goods. If, on the other hand, these goods were not shipped within a reasonable time, and the party promptly —and, as you will see, this shipment did not take place until the 11th, and on the 18th or 19th the defendant writes that the goods would not be accepted—I say, if they had not been delivered within a reasonable time, he had a right to refuse to accept them, and to say to the plaintiff that he would hold the goods subject to his (the plaintiff's) order; and, if a loss occurred, the loss would fall upon the plaintiff, the owner of the property, for the goods would not have become the property of the defendant.

"So that is all there is of it. Under all the circumstances in the case, taking into consideration that it was contemplated when the order was made that this bill of goods— this order of goods—might be filled by a jobber,—and you will say whether that naturally would take a little time, to get the order into the hands of the jobber, and to ship,— taking into consideration all these facts and circumstances, were the goods shipped within a reasonable time? If they were shipped within a reasonable time, then the plaintiff has complied with his contract and the contract of his assignor, as you might say,—it was simply assigned down to him by the house that took the order,—and the plaintiff ought to recover. But if, on the other hand, you shall say, under all the circumstances of the case, that the time was an unreasonable one, that a reasonable time in which these goods should have been delivered had passed, then the defendant was not obliged to accept the goods, and he could hold them subject to the order of the plaintiff."

Counsel say the court erred, as the order was a written

one, in allowing Louis Nicholas to testify that it was orally agreed the goods were to be shipped not later than one week after the order was given; citing *Stange* v. *Wilson*, 17 Mich. 342. The record discloses that the testimony of Mr. Nicholas was in relation to the contents of a letter addressed to Alden Speare's Sons Company, which was shown to be lost, and was clearly competent.

It is claimed no letter was written countermanding the order until the goods were received. We think this is not a fair inference from the testimony.

It will be observed, that the written order did not give the post-office address or place of business of the Alden Speare's Sons Company, though it does state the goods were to be shipped by boat, and the terms were 30 days, f. o. b. Detroit. It will also be observed that, notwithstanding the business arrangement testified to by Mr. Conkling, by which he was to fill the orders taken by Mr. Benedict, his name does not appear in the order. An examination of the record satisfies us the case was very carefully tried.

The judgment is affirmed.

The other Justices concurred.