### LEVINE v. JOHNSON.

### JOHNSON v. LANDA.

1. CONTRACTS—TIME FOR PERFORMANCE—SILENCE—PRESUMPTIONS.

   The law presumes a reasonable time when a contract is silent as to time for performance.

2. SAME—TIME FOR PERFORMANCE—PAROL EVIDENCE.

   A reasonable time for performance of a written contract which is silent as to time must be determined without reference to parol evidence.

3. SAME—REASONABLE TIME—PROOF—PAROL EVIDENCE.

   Admission of evidence that buyers of bar were told that they would be in business in the bar by a certain date to show that more than a reasonable time passed before sellers were ready to perform *held*, error, where the contract to sell was in writing and was silent as to time of performance.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-6] 17 Am Jur 2d, Contracts §§ 329, 330; 30 Am Jur 2d, Evidence §§ 1059, 1060.

4. EVIDENCE—SIMILAR CIRCUMSTANCES—COURTS—EXCLUSION.

Exclusion by court of evidence regarding what is involved in similar transactions involving transfers of liquor licenses to show that a reasonable time had not elapsed for performance of contract to sell a bar *held,* error, because the court must consider all relevant circumstances in deciding issue of reasonable time.

5. ESTOPPEL—PERFORMANCE OF CONTRACT—TRANSFER OF LIQUOR LICENSE.

Estoppel as a matter of law does not apply to buyers of bar business who assert lapse of more than a reasonable time in performance of a contract to transfer liquor license although they have twice appealed to liquor control commission to reverse the denial of application for transfer, where obtaining approval for transfer of the license is a condition precedent of the contract.

6. BROKERS—TIME—TRANSFER OF LIQUOR LICENSE—DEPOSIT.

Buyers' recovery of deposit from real estate broker in sale of bar business where contract contained clause that broker had right to keep deposit if buyers failed or refused to complete the sale and buyers refused on ground that more than a reasonable time had elapsed since the agreement was executed *held,* error, where court based its decision that more than a reasonable time had elapsed for performance of contract, silent as to time of performance, on representations made to buyers that they would be in business by a certain time.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 April 3, 1967, at Detroit. (Docket No. 1,970.) Decided March 25, 1968. Rehearing denied May 31, 1968.

Complaint by Alvin L. Levine, receiver, against Silas Johnson and William Wiar to recover the difference between the final sales price to alternate purchaser and the price agreed on by defendants. Albert Landa was added as third-party defendant and from him defendants sought the return of $1,000 deposit. Original action dismissed with prejudice. Judgment for third-party plaintiff.

Third-party defendant appeals. Reversed and remanded.

*Richard G. Eubank,* for third-party plaintiffs.

*Cooper & Paskin (Robert V. Feldstein,* of counsel), for third-party defendant.

T. G. KAVANAGH, J. On February 27, 1963 the third-party plaintiffs, appellees, entered into a preliminary sales agreement whereby they were to purchase a bar from the receiver for the estate which held the bar as an asset. The third-party defendant, appellant herein, a real estate broker, was also a signatory to the agreement and, as escrow agent, accepted appellees' deposit money of $1,000.

The agreement provided, among other things, that as a condition precedent, the sellers were to obtain the liquor control commission's approval for the transfer of the bar's license to appellees.

Paragraph 8 of the agreement reads:

"The parties herein further agree to execute and deliver each to the other any legal instruments and applications of whatever nature or kind, including the right for an appeal hearing by any of the parties herein, which may be necessary to effect and consummate this transaction."

The last pertinent section of the agreement, paragraph 14, provided that appellees were to procure a 3-year lease with an option of 3 additional years and a first option to purchase the building.

On August 5, 1963, the Michigan liquor control commission denied appellees' application for transfer. Their appeal from this decision was denied on October 23, 1963. Three days later appellees sent another letter of appeal to the commission. This second appeal resulted in approval on January

30, 1964, which was granted subject to 2 investigations to be made by the commission and 2 more to be conducted by the Detroit police department. In addition, before the license would issue, a tax-stop from the Michigan department of revenue required that $470.25 and all back license fees had to be paid.

On March 16, 1964, after the 4 investigations had been completed, the commission sent a letter to the appellees approving the transfer to them from the receiver of the bar. At this time, the taxes and the back license fees had not been paid.

On March 17, 1964, appellees wrote appellant stating they were no longer interested in purchasing the bar and requested that he return their deposit money. A similar letter was sent by appellees on April 10, 1964, followed by their attorney's letter of April 16, 1964, which withdrew their original offer to purchase or in the alternative voided the contract for failure of conditions.

In the meantime, the receiver of the bar had written to the appellees on April 3, 1964, informing them that since they failed to appear at his office on April 1, 1964, for the closing of the transaction, he was going to obtain their deposit from the appellant broker as partial liquidation of damages. He also threatened them with legal action should any additional damages result from their refusal to proceed with the transaction.

On September 4, 1964, suit was commenced against appellees by the receiver for $4,000, the difference between the final sales price to alternate purchasers and the price agreed on by appellees in their preliminary sales agreement. The broker was then added as a third-party defendant and from him the principal defendants, appellees herein, sought return of their $1,000 deposit money. The original action by the plaintiff against the principal defendants was dismissed with prejudice and thereafter

the only dispute before the court was that involving the deposit money.

Paragraph 12 of the contract involved here provides that:

"In the event the buyer fails or refuses to comply with and complete the sale of said business in conformity with the terms herein, he shall forfeit the deposit to the broker as liquidated damages and the broker shall retain such deposit as his commission in an amount not to exceed his commission, the remainder of which deposit is to be paid to the seller as liquidated damages."

It is upon this provision that appellant relies to support his claimed right to retain the deposit.

Appellees failed to appear at the closing in April, 1964, at which time, appellant alleges, the transaction would have been consummated. Appellees justify their failure to appear on the ground that more than a reasonable time had elapsed since the agreement was executed and that, as a result, they were no longer bound by the terms of a contract.

It is well established that when a contract is silent as to the time for performance or payment, the law will presume a reasonable time. See *Duke* v. *Miller* (1959), 355 Mich 540; *Stange* v. *Wilson* (1868), 17 Mich 342. In this case, the trial court, sitting as trier of fact, found that more than a reasonable time had elapsed. In making this finding, however, he relied upon a representation made to appellees, which was admitted over the objection of appellant's counsel, that appellees would be in business in the bar by June or July, 1963. Appellant claims that this representation should have been excluded under the parol evidence rule. We agree that it was error to consider this representation in determining the question of reasonable time. When a written contract is silent on the question of time,

a reasonable time is to be determined without reference to parol evidence. *Brady* v. *Central Excavators, Inc.* (1947), 316 Mich 594. See, also, 30 Am Jur 2d, Evidence, § 1060, p 199.

Counsel for appellant sought to introduce evidence regarding what is involved in the kind of transaction which was before the court, for the purpose of showing that a reasonable time had not elapsed. The court erroneously excluded this evidence. In deciding the issue of reasonable time the court must consider all of the relevant circumstances, see *Reinforced Concrete Pipe Co.* v. *Boyes* (1914), 180 Mich 609, and consequently, appellant should have been permitted to introduce this evidence.

Appellant contends that appellees are estopped to assert the lapse of a reasonable time because, despite taking that position, they twice appealed to the liquor control commission to reverse the denial of their application for a transfer of the liquor license. At the trial the appellees testified they agreed to appeal only after they had demanded the return of their deposit and were told by appellant that they could not have it until they appealed to the commission. While the fact that they did appeal may be a circumstance to consider in resolving this controversy, it should not of itself result in an estoppel as a matter of law.

Whether a reasonable time had expired between the granting of the application and the date set for closing is for the trier of fact to determine, and as suggested above, this determination is to be made in the light of all of the circumstances.

For the reasons we have indicated, the judgment of the circuit court is reversed and the cause remanded for proceedings consistent with this decision. Appellant may tax costs.

LEVIN and VANDER WAL, JJ., concurred.