## CLEARY *v.* HENDERSON BROTHERS, INC.

1. CONTRACTS—GRAVEL REMOVAL—TIME OF PERFORMANCE—REASONABLE TIME—INFERRED TIME.

    The law infers a reasonable time in which one party may remove gravel from another's land where the memorandum of sale of the right of removal does not set a time for performance.

2. CONTRACTS—TIME OF PERFORMANCE—REASONABLE TIME—BASIS.

    A reasonable time for the performance of a contract usually depends upon the nature of the contract and the particular circumstances of the case.

3. CONTRACTS—GRAVEL REMOVAL—TIME OF PERFORMANCE—REASONABLE TIME—INFERRED TIME.

    Setting 13 years, including several years which had already passed before the plaintiffs filed suit, as the time in which the plain-

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 17 Am Jur 2d, Contracts § 80.
[4] 22 Am Jur 2d, Damages § 137 *et seq.*
    Measure of damages for wrongful removal of earth, sand, or gravel from land. 1 ALR3d 801.

tiffs would be allowed to remove gravel from defendant's land was proper as placing a reasonable time for the performance of a contract between the plaintiffs and defendant's grantor granting the right of removal where the contract did not set a time for performance and the plaintiffs purchased the gravel for use in the development of their homesite.

4. DAMAGES—EVIDENCE.

Damages for the defendant's unauthorized removal of gravel owned by the plaintiffs was limited to 60 yards of gravel at a price ranging from 10 cents to 30 cents per yard where the plaintiffs alleged, based on information and belief, that 300 yards of gravel had been removed and one of the plaintiffs testified that he had sold gravel from the area at 25 to 30 cents a yard, the 300-yard figure was not substantiated and was only a guess, and the defendant stated that 60 yards of gravel had been removed and sold at 10 cents per yard.

Appeal from Cheboygan, Edward H. Fenlon, J. Submitted Division 3 December 8, 1970, at Grand Rapids. (Docket No. 8704.) Decided January 22, 1971.

Complaint by Thomas Cleary and Mabel Cleary against Henderson Brothers, Inc., for damages, an accounting, a declaration of rights in certain gravel deposits, and injunctive relief. Judgment for plaintiffs in part. Plaintiffs appeal. Affirmed in part, reversed in part, and remanded for further proceedings.

*John P. Ternes,* for plaintiff.

*Patrick & Johnson,* for defendant.

Before: FITZGERALD, P. J., and QUINN and McINTYRE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

QUINN, J.  By this action, plaintiffs sought an accounting and damages, a declaration of rights in certain gravel, and injunctive relief.  From a judgment which was partially in their favor, plaintiffs appeal.

July 19, 1961, plaintiffs paid the owners, Paquette, $350 "for all gravel on this property—as follows— northeast corner of west side of South River Road in Section No. 27, Benton Township in Cheboygan County."  This quotation is the language of the memorandum of sale prepared by plaintiffs and signed by them and the Paquettes.

The trial record fairly establishes that the east boundary of the land from which plaintiffs purchased the gravel is the west side of South River Road and that the north boundary is Little Canada Road.  That record does not establish the west and south boundaries nor the total area from which plaintiffs purchased the gravel.

December 13, 1963, defendant purchased on land contract from Paquettes land which included the land from which plaintiffs had purchased gravel. This contract excepted from the sale the right of plaintiffs to remove gravel from a parcel of land in the extreme northeast corner 350 feet square. August 10, 1964, Paquettes gave defendant a deed pursuant to this contract, which deed excepted the right of plaintiffs to remove gravel from the same area but limited that right to four years from August 10, 1964.  It is undisputed that plaintiffs are not bound by the area and time limits agreed to by defendant and the Paquettes.

In the fall of 1967, defendant through one Darrow removed some gravel from the area which plaintiffs claimed was exclusively theirs, and soon thereafter this action was filed.

The judgment of the trial court sustained plaintiffs' right to the gravel in a 400-square-foot parcel in the northeast corner of defendant's property; limited the time of removal of gravel to Thomas Cleary's life expectancy, which was computed to run to July 19, 1974; and restrained defendant from interfering with plaintiffs' removal of gravel for a like period. The judgment made no accounting and awarded no damages.

On appeal, plaintiffs assert error in the area and time limitations fixed by the judgment, and they also claim they are entitled to damages for gravel taken by defendant.

At the outset we note that this controversy arises from the indefiniteness of a memorandum of sale drafted by plaintiffs. In addition, plaintiffs had the burden of establishing by a fair preponderance of the evidence their right to the relief sought. The record does not establish that plaintiffs met that burden in all respects.

With respect to plaintiffs' complaint on the time limit set by the trial court for their removal of gravel, no time was set by the memorandum of sale and the law infers the removal must be accomplished within a reasonable time. *Reinforced Concrete Pipe Co.* v. *Boyes* (1914), 180 Mich 609, 616. What is a reasonable time usually depends upon the nature of the contract and the particular circumstances, *Boyes, supra.* Plaintiffs purchased the gravel July 19, 1961, for use in the development of their home property. When the time limitation set by the judgment expires, they will have had 13 years to remove gravel for this purpose. This is a reasonable time.

Our *de novo* review of the record convinces us that the area limitation is not substantially supported by the facts and is somewhat arbitrary.

With the quality of proof the trial judge had to work with, this is understandable but the area limitation is not sustainable on this record.

What area of gravel plaintiffs purchased and Paquettes sold had to be determined from the testimony of Thomas Cleary and John Paquette and the actual use of the property by Cleary. As previously indicated, this testimony fairly establishes the east line of the area from which plaintiffs purchased and Paquettes sold gravel to be the west side of South River Road and the north line to be the south side of Little Canada Road. The testimony is inconclusive as to the west and south lines, however.

The proof does establish that plaintiffs began taking gravel at the edge of a ravine on the west side of the area near a gravel pit then in existence, and that they worked east from this point toward South River Road. The proofs indicate that Paquettes acquiesced in this operation. On the present record, we cannot determine the point where plaintiffs commenced taking gravel, but when that point is established, it should be the southwest corner of the area from which plaintiffs purchased and Paquettes sold gravel. The south line of the area should run east from this point to South River Road, thence north along the west side of that road to Little Canada Road, thence west along the south side of Little Canada Road to the ravine, and thence southerly to the point of beginning.

On information and belief, plaintiffs allege in their complaint that 300 yards of gravel had been removed by defendant or its agent and plaintiffs asked for an accounting. In answer to plaintiffs' interrogatories, James Henderson of defendant stated that 60 yards of gravel had been removed and sold at ten cents per yard. Thomas Cleary

testified that 300 yards were removed and that he had sold gravel from the area for 25 and 30 cents per yard. The 300-yard figure is not substantiated in any way, and it is clearly a guess. On the present record, damages should be limited to 60 yards of gravel at a price ranging from 10 cents to 30 cents per yard.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Neither party having prevailed, no costs are awarded.

All concurred.