Broderick *v.* Torkomian.

---

ANDREW J. BRODERICK *vs.* BARON J. TORKOMIAN.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., HAINES, HINMAN, BANKS and FOSTER, Js.

The measure of damages for the conversion of the subject-matter of a bailment, or its loss through negligence of the bailee, is the value of the property at the time of the conversion or loss, with interest, such value being fixed by the terms of the contract, if any, or in the absence of contract, by the market value.

Argued October 25th—decided December 12th, 1927.

ACTION to recover damages for the alleged conversion by the defendant of a diamond ring, brought to the Superior Court in New Haven County and tried to the jury before *Simpson, J.;* verdict and judgment for the plaintiff for $610, and appeal by the defendant. *No error.*

*Charles W. Bauby,* for the appellant (defendant).

*Maurice T. Healey, Jr.,* for the appellee (plaintiff).

PER CURIAM. The complaint alleged that the plaintiff delivered the ring to the defendant in order that

the latter might show it to a prospective buyer and, in the first count, a conversion thereof by the defendant and, in a second count, that it was stolen and lost through defendant's negligence. Only those assignments which relate to the measure of damages, as stated in the charge and reflected in the general verdict, are now pursued. The plaintiff offered evidence that the stone and setting cost him $505, that it was reasonably worth $650, but he told the defendant that he would make the price to him $600 so that he could make $50 on it if he sold it. The trial court instructed the jury that, if they found for the plaintiff, he would be entitled to recover the reasonable value of the ring with interest, and recounted the evidence above stated.

The measure of damages for conversion of the subject-matter of a bailment, or its loss through negligence of the bailee, is the value of the property at the time of its conversion or loss, with interest from that time, such value being fixed by the terms of the contract, if any, or, in the absence of contract, the market value. *Stoll* v. *Judd Co.,* 106 Conn. 551, 560, 138 Atl. 479; 6 Corpus Juris, p. 1164. The charge as given was in accordance with our rule, and the amount of the verdict ($600, with interest) was justified by the evidence, either on the basis of contract or of the market value.

There is no error.