BEAUDETTE AND GRAHAM *vs.* WILLIAM A. TATOR.

First Judicial District, Hartford, May Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The trial court found that when the plaintiffs revoked the defendant's agency for the sale of their washing machine, he accounted to them for only fourteen of the fifteen machines which had been consigned to him; and that a receipt, offered by him as proof of the return of the missing machine, had been fraudulently altered while in his possession. *Held* that these

findings were supported by the evidence and sustained the trial court's conclusion that the defendant was liable in conversion.

The measure of damages for the conversion of the subject-matter of a bailment, or its loss through negligence of the bailee, is the value of the property at the time of the conversion or loss, with interest, such value being fixed by the terms of the contract, if any, or in the absence of contract, by the market value.

Argued May 1st—decided June 14th, 1928.

ACTION to recover damages for the alleged conversion by the defendant of a washing machine owned by the plaintiffs, brought to the Court of Common Pleas for Litchfield County and tried to the court, *Hamlin, J.;* judgment for the plaintiff, and appeal by the defendant. *No error.*

*Thomas J. Wall,* for the appellant (defendant).

*Rowell J. Hallenbeck,* for the appellee (plaintiff).

BANKS, J. The defendant was the agent in Litchfield County for the sale of plaintiff's washing machines under a written agreement in accordance with the terms of which certain machines were consigned by the plaintiff to the defendant, the title to which remained in the plaintiff, which was entitled to retake possession of them on demand. Thereafter the plaintiff discontinued the defendant's agency. At the time the agency was discontinued the defendant had in his possession or out upon trial fifteen of the plaintiff's machines for which he was accountable, one of which was a machine numbered 30831. He turned over fourteen of them to the plaintiff's manager and this action was brought to recover for the conversion of the other machine, which the plaintiff alleges that the defendant refused to deliver to it upon demand. The missing machine was the one numbered 30831 and the defendant produced upon the trial a receipt signed by

the agent of the plaintiff for one washing machine which bore in the lower left-hand corner the number 30831, and claimed to have thus proved the return of the machine demanded by the plaintiff. The court found that the number upon this receipt was superimposed upon another number previously written thereon, the first number having been erased in whole or in part, and that this erasure could not have been made by any other person than the defendant, in whose possession the receipt had been at all times. The finding of these facts is not attacked. The defendant does seek to have the finding corrected by striking therefrom the finding that the machine numbered 30831 was never surrendered to the plaintiff and substituting therefor certain paragraphs of the draft-finding stating that the receipt in question was signed by the plaintiff's agent, that upon the giving of the receipt the defendant turned over to the agent a washing machine, and that the number of the machine turned over was 30831. Apparently the genuineness of the receipt was not questioned, nor the fact that, as the receipt indicated, the defendant turned over to the plaintiff's agent at that time one washing machine. These facts, if found, would not help the defendant's case, unless it were also found that the machine for which this receipt was given was the missing machine numbered 30831. The defendant's own testimony, that the machine represented by this receipt was one of those checked out at the time his agency was discontinued, and was the first one taken away, negatives his present claim that the receipt represents a machine surrendered by him in addition to the fourteen machines then turned over and thus accounts for all the machines in his possession. The erasure by the defendant of the number originally appearing upon the receipt clearly justified the court's refusal to find that the receipt was

given for the machine numbered 30831, and other evidence in the case supported the finding that that machine was never returned by the defendant. The finding is not subject to correction and there is no merit in the defendant's claim that the court erred in its conclusion that the defendant was liable in conversion for the value of this machine.

The defendant agreed to pay the plaintiff $155 for each machine not accounted for by him, and the court correctly ruled that that sum was the measure of the plaintiff's damages. "The measure of damages for conversion of the subject-matter of a bailment, or its loss through negligence of the bailee, is the value of the property at the time of its conversion or loss, with interest from that time, such value being fixed by the terms of the contract, if any, or, in the absence of contract, the market value. *Stoll* v. *Judd,* 106 Conn. 551, 560, 138 Atl. 479; 6 Corpus Juris, p. 1164." *Broderick* v. *Torkomian,* 107 Conn. 99, 100, 139 Atl. 506.

The defendant complains of a ruling admitting in evidence over an objection a carbon copy of a letter. The finding discloses that at the conclusion of the trial the court called attention to the fact that the letter had not been marked as an exhibit, and the defendant thereupon withdrew his objection and consented to its being marked.

There is no error.

In this opinion the other judges concurred.