**QUINN v. MILNER, to Use of HARTFORD FIRE INS. CO.**

**No. III.**

Municipal Court of Appeals for the
District of Columbia.

Oct. 26, 1943.

Manuel J. Davis, of Washington, D. C., for appellant.

Samuel W. McCart, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiff had an arrangement with defendant, operator of a parking lot and filling station, whereby for a fixed monthly charge he had the privilege of parking his automobile on defendant's lot at any time. Ordinarily he drove his automobile into any vacant space in the rear of the lot and left it there. When there was no vacant space in the rear of the lot he would leave the automobile in the front portion of the lot for an attendant to park it for him. The lot was at the corner of 30th and M. Streets, with an entrance on each street, and a person entering the lot would have to drive past that portion of the lot where the gasoline pumps were located. About 4:30 in the afternoon of the day in question plaintiff parked his automobile on the lot, leaving the ignition key in its slot. Shortly after 7 p. m. that evening defendant's manager, together with two other employees, left the lot and went to eat at a nearby restaurant, leaving one employee in charge. Shortly thereafter one Paul Webster, an employee of defendant who had not been on duty since about 2 o'clock that afternoon, entered defendant's office, broke the lock of a desk where the manager kept the employer's money and stole it. He also stole plaintiff's key from a rack

in the office where such keys were usually kept and where it had presumably been placed by an employee of defendant, and took plaintiff's automobile. .The one employee in charge did not see the automobile leave the lot because he was putting gasoline in another automobile at the time. Webster drove the automobile to Lynchburg, Virginia, where he was apprehended, and where the automobile was recovered in a damaged condition. He was later convicted of the crime. Plaintiff commenced the action below to recover his damages.

■ 1. A finding for plaintiff was amply justified by the evidence. The decided cases recognize two principal classes of legal relationships in dealing with the present-day type of parking lot. The first is where an owner merely rents space in a parking lot, drives his automobile therein, locks it or not as he chooses and for all practical purposes retains control thereof. Such transactions have commonly been held to be that of a mere lease or license, because the owner has paid a fee only for the privilege of parking his automobile, without actual delivery to the parking lot operator and with no corresponding right to redelivery.[1]

■ That, however, was not the relationship of these parties. This situation falls into a different legal classification. This plaintiff did more than merely rent space. He paid for the privilege of leaving his automobile with the defendant for safekeeping. No particular space was assigned to him; sometimes he drove his automobile to one of the spaces at the rear of the lot and sometimes he left it at the entrance, where attendants assumed control of it, parking it, and presumably moving it about to permit the entrance or exit of other automobiles on the lot. But he always left the key in the automobile, and possession and control were always that of the lot operator. The fact that he paid a fixed monthly fee instead of paying each time he used the lot did not alter the relationship. It was a bailment.

■ That being so, plaintiff was required initially to prove only the delivery of the automobile and defendant's failure to return it upon demand. That established a prima facie case. Medes v. Hornbach, 56 App.D.C. 13, 6 F.2d 711. Having made out such a prima facie case, the burden of proof was cast upon defendant to account for failure to redeliver and to prove that his conduct was consistent with due care. That is the rule in the Federal courts in cases of orthodox bailments.[2] It is also the rule in a majority of the states in parking lot and garage cases.[3] It has been described as a rule of necessity, for the owner can hardly be expected to know what happened to his automobile while it was in the care of a bailee. The bailee on the other hand would naturally and reasonably be expected to account for such loss or damage and to come forward with evidence to establish due care on his part and to show that the loss or damage occurred despite such due care.

■ We think the trial judge was justified in holding that defendant failed to sustain his burden. The record contains no evidence as to the size of the lot, the number of automobiles it could accommodate or the number actually there at the time of the theft. Nor does the record disclose the layout of the lot or what fences, barriers, or other enclosures surrounded it, or what provisions had been made for lighting the lot. Nor was there any evidence as to what steps were taken to protect ignition keys from theft. These are not the only elements in the case; but these, together with the fact that the manager left the lot and took two employees with him, leaving only one in charge, seem to us persuasive that defendant had not borne the burden of proof.

[1] Pennyroyal Fair Association v. Hite, 195 Ky. 732, 243 S.W. 1046; Suits v. Electric Park Amusement Co., 213 Mo. App. 275, 249 S.W. 656; Lord v. Oklahoma State Fair Association, 95 Okl. 294, 219 P. 713; Ex parte Mobile Light & Railway Co., 211 Ala. 525, 101 So. 177, 34 A.L.R. 921. An extensive annotation distinguishing the two types of cases and citing numerous decisions is to be found in 131 A.L.R. 1175.

[2] International M. M. S. S. Co. v. W. & A. Fletcher Co., 2 Cir., 296 F. 855; The John Carroll, 2 Cir., 275 F. 302; The Joseph J. Hock, 2 Cir., 70 F.2d 259; Nicholson Transit Co. v. Nicholson Universal S. S. Co., 6 Cir., 60 F.2d 90; Thompson v. Chance Marine Const. Co., 4 Cir., 45 F. 2d 584.

[3] See Annotation above referred to in 131 A.L.R.; see also Farrell-Calhoun Co. v. Union Chevrolet Co., 21 Tenn.App. 554, 113 S.W.2d 419; Dennis v. Coleman's Parking and Greasing Stations, 211 Minn. 597, 2 N.W.2d 33; Romney v. Covey Garage, 100 Utah 167, 111 P.2d 545; Walters v. Sanders Motor Co., 229 Iowa 398, 294 N.W. 621.

II. Appellant complains that although William Milner commenced the suit in his individual name, he was permitted to add Hartford Fire Insurance Company as a use plaintiff, at the conclusion of the trial. The transcript indicates that this was done on the suggestion of the trial judge and that plaintiff's attorney consented to the addition. It does not show any objection by appellant. For that reason and for the further reason that the addition of such party was in no manner harmful to appellant, there was no error in the action taken.

Nevertheless, we think the insurance company should be eliminated as a party plaintiff. True, there was evidence that it had paid plaintiff's repair bill under a "loan receipt" agreement under which it had a right to look to him for the proceeds of this litigation. But that is a matter between that company and the plaintiff. Nothing in the record shows it to have been a necessary party. The judgment should therefore be modified by striking the name of Hartford Fire Insurance Company, and leaving William Milner in his individual capacity as the sole party plaintiff. So modified, the judgment will be affirmed.

Modified and affirmed.