## WESTCHESTER DEVELOPMENT CORPORATION v. BURKETT, to Use of AUTOMOBILE INS. CO. OF HARTFORD, CONN.

### No. 203.

Municipal Court of Appeals for the District of Columbia.

Aug. 11, 1944.

Paul J. Sedgwick, of Washington, D. C., for appellant.

Thomas B. Heffelfinger, of Washington, D. C. (W. Cameron Burton, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Plaintiff's automobile was wrongfully taken from a garage in the basement of the Westchester Apartments and later recovered in a damaged condition. His insurance company paid him for the damage

and this action was brought in his name to the use of the insurance company to recover that sum from the owner of the apartment house. There was a finding and judgment for plaintiff.

The single question argued on appeal was whether the relationship of the parties, with respect to the automobile at the time it was taken, was that of bailor and bailee or landlord and tenant. Defendant concedes that if a bailment existed the judgment is correct.

The undisputed facts are that plaintiff rented an apartment, without written lease, from defendant, and at approximately the same time made arrangements for "parking and storage privileges" for his two automobiles in the garage operated by defendant in the basement of the same building solely for its tenants. He paid an agreed sum per month for the storage of the two cars and an additional sum for washing and cleaning them. Two specified spaces in the garage were assigned to him. At times when he drove to the garage he parked the car in its space; at other times he left the car with the garage attendant who parked it. It was necessary that the ignition keys be left in the cars while in the garage in order that the attendant could move them as required. When the cars were washed they were taken to a nearby "laundry."

On the occasion in question—late on a Saturday afternoon—plaintiff drove his car to the garage and parked it in its assigned space. He did not intend to use the car again until Monday. In the early hours of Sunday two boys entered the garage and drove away plaintiff's car and later damaged it.

Defendant insists it was not a bailee but simply rented space to plaintiff for parking and storing his car; that possession of the car remained always in plaintiff except at such times as the attendant removed the car from the garage for washing; and that at the time the car was taken and damaged it was taken from the possession of plaintiff.

■ Delivery of possession to the bailee is essential to a bailment. Doggett v. King, D.C.Mun.App., 34 A.2d 608. Whether such delivery occurs is a matter of fact. "Whether a person simply hires a place to put his car or whether he has turned its possession over to the care and custody of another depends on the place, the conditions, and the nature of the transaction." Osborn v. Cline, 263 N.Y. 434, 189 N.E. 483, 484. See also annotation in 131 A.L.R. 1175.

■ The fact that a designated space in the garage was assigned to this particular car is not controlling. Such an arrangement is as consistent with a bailment as with a hiring of space.

■ The garage itself is of a type not generally associated with the idea of a mere leasing or licensing of space for parking. It is underneath and connected with the apartment building and has accommodations for a large number of cars. It has only one door for entrance and exit. It is far different from the type of open parking lot where car owners may merely hire space. Likewise it is in no way similar to the type of single garage which one may rent in its entirety, having exclusive possession including the keys to the door. This type of structure commonly suggests the understanding that the garage operator will have possession and custody of the cars left there.

The requirement that the ignition key be left in the car indicates that custody was assumed by the garage. It is not usual for an owner to leave the key in his car unless someone present assumes responsibility for its safekeeping. The garage manager testified it was necessary for the keys to remain in the cars "so that when necessary they could be moved by the attendants." The right of the attendants to move the cars when necessary negatives the theory that plaintiff merely hired space and always retained possession of his car.

Again, the presence of an attendant who occasionally parked the cars in their spaces, and who moved them when necessary, is an indication of assumption of custody and responsibility. Defendant admitted that the attendant's duty was more than mere parking and moving. Its garage manager testified that it was the duty of the attendant to "see that no one but the owners of the cars took them out of the garage."

In our opinion, the evidence fully justified the trial court in holding that the defendant was a bailee and responsible for the damage suffered by plaintiff. Quinn v. Milner, D.C.Mun.App., 34 A.2d 259.

Affirmed.