ROBERT MALONE *v.* LAWRENCE SANTORA
RUTH S. JOHNSON *v.* LAWRENCE SANTORA

MALTBIE, C. J., BROWN, JENNINGS and ELLS, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued November 3, 1948—decided January 7, 1949.

*Michael V. Blansfield* and *Harry M. Albert,* for the appellant (defendant).

*J. Warren Upson,* with whom, on the brief, was *Kenyon W. Greene,* for the appellee (plaintiff Johnson).

*Martin J. Dunn,* with whom was *T. Gordon Hutchinson,* for the appellee (plaintiff Malone).

Brown, J.   The plaintiff in each of these cases sued the defendant to recover for damage to the plaintiff's automobile consequent upon its being stolen from the defendant's parking lot, where the plaintiff owner had left it and paid the required parking charge.   In each case judgment was rendered for the plaintiff and the defendant has appealed.

The essential facts are undisputed and may be thus summarized: The plaintiff Johnson's car was stolen

on the evening of November 22, 1946, and that of the plaintiff Malone on the evening of November 29, 1946. Each was subsequently recovered in damaged condition. The defendant's parking lot, with a capacity of 150 cars, has a frontage of 70 feet on the north side of East Main Street in Waterbury and a depth of 270 feet. It is effectively inclosed except for two entrances, one, about 14 feet wide, at a rear corner, and the other, 59 feet wide, on East Main Street. About 8 p.m. on November 22 the plaintiff Johnson drove her car into the lot, paid the defendant or one of his attendants the customary twenty-five-cent charge and left the car with him in response to his statement, "Leave your keys, I'll park the car." She left her keys in the car and he parked it. For the purpose of identification she was given a ticket, a detached part of which he placed on the car. On it was printed: "Liability. Management assumes no responsibility of any kind. Charges are for Rental of space. From 8 a.m. to 11 p.m. Not responsible for articles left in or on car. Agree to the within terms." She read these words and understood their purport to be that the car owner agreed to the terms stated. There was also a sign on the premises which she did not notice and which read: "Charges are for use of Parking space until 11 p.m. Not responsible for cars left open after 11 p.m. You may lock your car." She left and when she returned for her car shortly before 11 p.m. it could not be found. It had been stolen meantime. Upon her return the defendant and two attendants were there on duty. In accepting this car as he did, the defendant acted in the ordinary course of his business as a parking lot operator and in accord with his practice as to the car of the plaintiff and as to those of many others, not only upon that evening but upon other occasions also. It was his policy to insist that no one claiming a car

should be allowed to drive it off the lot without first presenting the identifying ticket, unless the claimant was known to the defendant or his employees.

About 7 p.m. on November 29 the plaintiff Malone drove his car onto the parking lot, turned it over to one of the defendant's employees, paid the twenty-five-cent charge and received a ticket from the attendant, who placed the detached part of it on the car. The printing on the ticket was of the same purport as recited above. Malone put the ticket in his pocket without reading it and left. The attendant parked the car, leaving the key in the switch. Shortly before 10 p.m. Malone returned, presented the ticket to the attendant and demanded his car. It could not be found. Meantime a person had entered the lot and stated to one of the attendants that his brother was the owner of the car and that he had requested him to get the car for him. Malone had authorized no one to call for the car, and the person making the request was an imposter and a thief. One of the attendants delivered the car to him and he drove it away. On that evening at least three attendants were on duty.

In each case the court concluded: There was a bailor and bailee relationship between the plaintiff and defendant; the wording on ticket and sign did not bar the plaintiff's right of recovery; on the ground of public policy the bailment was not subject to the limitation on liability therein set forth; the defendant was negligent in the discharge of his duty as bailee; the plaintiff is entitled to recover for the damage accruing to his car, that of the plaintiff Johnson being $168 and that of the plaintiff Malone $400. Whether these conclusions are justified is the question determinative of these appeals.

In recent years there have been many decisions concerning the liability of operators of parking lots for

cars parked thereon by customers. As has been well observed, cases of this nature may be divided into "two types: first, those where the attendant merely collects the fee and designates the area in which to park, the driver himself doing the parking and retaining complete control over the car, locking it or not as he wishes; and second, those lots, usually enclosed, where the attendants take complete charge of the car at the entrance, park it, retain the keys and move the car about as necessary, giving the driver a check or ticket, upon presentation of which they deliver the car to him." 27 Geo. L. J. 162, 163. As this article goes on to point out, situations of the second type have usually been held to give rise to liability on the ground that the transaction is a bailment, while liability has been denied in those of the first, the courts holding that the lack of the essential element of possession in the lot operator renders the relationship one of a license or of a privilege to park rather than of bailment. Of the large number of authorities which have recognized this basic distinction and held assumption of control the determinative factor, we cite but a few. *Sandler* v. *Commonwealth Station Co.,* 307 Mass. 470, 30 N. E. 2d 389; *Osborn* v. *Cline,* 263 N. Y. 434, 189 N. E. 483; *Agricultural Ins. Co.* v. *Constantine,* 114 Ohio St. 275, 58 N. E. 2d 658; *Quinn* v. *Milner* (D. C.) 34 A. 2d 259, 260; notes, 131 A. L. R. 1175, at 1176, 1184-1202, 175 A. L. R. 123; 24 Am. Jur. 493, § 29.

Whether a car owner merely hires a place to put his car or has turned its possession over to the care and custody of the lot operator depends on the place, the conditions and the nature of the transaction. *Osborn* v. *Cline,* supra; *Galowitz* v. *Magner,* 208 App. Div. 6, 8, 203 N. Y. S. 421. Among the significant facts in each of the instant cases were these: The lot was inclosed; the defendant's attendants were present to at-

tend to cars brought in to be parked; the plaintiff paid the parking charge to the attendant who gave him his claim ticket; the plaintiff left the switch key in the car at the request of the attendant who then took the car and parked it; no particular space for placing the car was either mentioned or contemplated. Under the principles which we have stated, it is clear that in each case these facts, without more, warranted, if in fact they did not require, the conclusion that the relationship between the plaintiff and the defendant was that of bailor and bailee.

In neither case has the defendant assigned error in the court's finding that the plaintiff's car was stolen. He does, however, attack its conclusion in each that the theft of the car with the damage accruing to the plaintiff was due to the defendant's negligence. The court's conclusion was warranted on the record. The return of the car to the plaintiff in a damaged condition raised a presumption that this was due to the negligence of the bailee and prima facie established his liability; the presumption ceased to operate when the defendant had proven the circumstances of the theft of the car; and it was then for the trial court in the light of those circumstances to determine whether or not the bailee was negligent. *O'Dea* v. *Amodeo,* 118 Conn. 58, 63, 170 A. 486. The finding, interpreted in the light of the memorandum of decision, makes clear that the court did find the bailee negligent.

The defendant has assigned error in the court's conclusion that recovery was not barred by any limitation of liability in the ticket's provision or the wording of the sign. In so far as the Malone case is concerned, the fact that the plaintiff had no knowledge of the content of either shows that he did not assent to and could not have been bound by any such agreement. *Maynard* v. *James,* 109 Conn. 365, 370, 146 A. 614. In the

Johnson case also there is good reason for concluding that one purpose for which the ticket was given and accepted was to afford a means of identification for the plaintiff in claiming her car and that it did not constitute a contract exempting the defendant from liability. The language of the ticket suggests that the defendant was charging the plaintiff only for rental of space and assumed no responsibility of any kind. Since the plaintiff read the ticket she knew its terms. Had she herself parked the car on the lot, left it there and paid the charge, the transaction might have been regarded as constituting a case of the first type referred to above, with consequent immunity of the defendant from liability for theft of the car. Even so, the court's conclusion that the defendant was responsible under a bailor and bailee relationship was not necessarily unwarranted. An existing contract may be modified or abrogated by a new contract arising by implication from the conduct of the parties. 4 Page, Contracts (2d Ed.) § 2471. So here the defendant's subsequent assumption of control of the car, acquiesced in by the plaintiff, was totally inconsistent with an agreement of the first type and afforded reason for concluding that the contract actually made was one of bailment of which the provision exculpating the defendant from responsibility was no part. Actions may be held to speak louder than words, and the defendant's assumption of control of the car may be held to have negatived any intent by either party that an agreement for a license upon the terms indicated by the ticket should in fact arise. Upon the facts, what was in form such a contract lacked that intent to make it effective without which no true contract could come into existence. *Davis* v. *Davis,* 119 Conn. 194, 201, 175 A. 574.

We must regard the transaction in the Johnson case as giving rise to a bailment, and the provision against

liability printed on the ticket could not avail the defendant to bar recovery by the plaintiff. This is so because of "the well-recognized rule that the right of a bailee to limit his liability by special contract does not go to the extent of relieving him against his own negligence." *Wendt* v. *Sley System Garages,* 124 Pa. Super. 224, 227, 188 A. 624; *Baione* v. *Heavey,* 103 Pa. Super. 529, 532, 158 A. 181; see *Welch* v. *Boston & A. R. Co.,* 41 Conn. 333, 341; *Griswold* v. *New York & N. E. R. Co.,* 53 Conn. 371, 382, 4 A. 261; *New England Fruit & Produce Co.* v. *Hines,* 97 Conn. 225, 234, 116 A. 243; *Hart* v. *Pennsylvania R. Co.,* 112 U. S. 331, 338, 5 S. Ct. 151, 28 L. Ed. 717; *Boston & Maine Railroad* v. *Piper,* 246 U. S. 439, 445, 38 S. Ct. 354, 62 L. Ed. 820; *Sporsem* v. *First National Bank,* 133 Wash. 199, 204, 233 P. 641; *Pilson* v. *Tip-Top Auto Co.,* 67 Ore. 528, 535, 136 P. 642; 6 Am. Jur. 270, § 176. The reason is that such a provision is "revolting to the moral sense, and contrary alike to the salutary principles of law and a sound public policy." *Welch* v. *Boston & A. R. Co.,* supra, 342.

One further assignment of error by the defendant is that "it does not appear that the plaintiff was free from contributory negligence." In order that contributory negligence should avail the defendant, it was essential for him to plead it, and the burden was on him to prove it. General Statutes, Cum. Sup. 1939, § 1399e. He did neither. Furthermore, since it does not appear that this question was distinctly raised at the trial and decided adversely to the defendant's claim, we do not consider it. Practice Book § 363; *Mead* v. *Greenwich,* 131 Conn. 273, 276, 38 A. 2d 795.

There is no error in either case.

In this opinion the other judges concurred.