1420 PARK ROAD PARKING, INC.,
Appellant,

v.

CONSOLIDATED MUTUAL INSURANCE
COMPANY, Appellee.

No. 2670.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 16, 1960.

Decided March 30, 1961.

Henry H. Brylawski, Washington, D. C.,
for appellant.

No appearance for appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code
§ 11–776(b).

QUINN, Associate Judge.

The windshield of an automobile belonging to appellee was broken while the vehicle stood on appellant's parking lot. In this suit for damages the trial court ruled that appellant qualified as a bailee for hire in the operation of its business, and as such was bound to absolve itself of responsibility for the loss. The failure to introduce "evidence sufficient to rebut the presumption of negligence" resulted in a finding against appellant.

The parking lot in question is located in an uptown business section of the District. A large sign fronting on an adjacent street invites passing motorists to "Park and Lock." At the entrance there are printed directions instructing the incoming party to remove a "claim check," stamped with the time of arrival, from an automatic dispensing apparatus. He may then proceed onto the parking area and occupy any available space, locking the car or not as he chooses. The motorist makes his only contact with lot personnel at the time of departure. He drives to the cashier's booth by the exit and presents the check by means of which the attendant computes the amount of the parking charge.

The trial court's finding of a bailment was based solely upon the determination "that parking tickets were issued for automobiles parked in the said lot and that au-

tomobiles were not permitted to be driven off without surrender of the tickets and payment of the charges." This appeal reviews that conclusion.

Several cases from this jurisdiction have illustrated the importance attached to the relationship which is found by the court to have existed between a motorist and a parking lot proprietor at the time of loss. National Mortgage & Inv. Corp. v. Shulman, D.C.Mun.App.1954, 104 A.2d 420; Hecht Co. v. Leite, D.C.Mun.App.1953, 99 A.2d 87; Firestone Tire & Rubber Co. v. Hillow, D.C.Mun.App.1949, 65 A.2d 338; Westchester Development Corporation v. Burkett, D.C.Mun.App.1944, 38 A.2d 628; Doggett v. King, D.C.Mun.App.1943, 34 A.2d 608; Quinn v. Milner, D.C.MunApp. 1943, 34 A.2d 259. If it is deemed a bailment, the plaintiff-motorist enjoys the procedural advantage of establishing a prima facie case by proof of loss or damage alone. With the consequent shift in the burden of persuasion, the bailee must show that the loss was not occasioned by his lack of due care, or suffer liability. On the other hand, if he is found to be a mere lessor, he owes no general duty of care over his lessee's property. Consequently, where it is determined that the parties engaged merely in a lease agreement, the parking lot might with impunity have ignored impending harm to the vehicle. No presumption of negligence arises from the fact of injury to assist the motorist in a suit against the parking lot lessor; to warrant recovery, the plaintiff is obliged to show affirmatively that the damage resulted from the lessor's wrongful act.

 The creation of a bailment requires that possession and control over an object pass from the bailor to the bailee. The trial court purported to find evidence of such a transfer in its declared understanding that presentment of the "claim check" and payment of the parking charge might validly have been required as a condition to the return of appellee's automobile. Whether such a forceful detention would have been proper overlooks the fact that we are concerned here not with the right to assert a lien but with the existence of a bailment. As proof of this relationship, we believe the ticket and payment procedure were inadequate.

In the typical bailment situation the motorist leaves both car and keys with the parking attendant, receiving in return an identifying ticket, usually numbered. To procure a redelivery of the car the motorist produces the ticket which is matched to a corresponding "stub" placed on the car. In the sense that this ticket represents a receipt for the car and at the same time signifies the lot's consent to restore the vehicle to the rightful party, it does evidence a bailment. But the ticket issued in this case expressed no such undertaking for it contained only the recorded time of arrival and a disclaimer of liability. The motorist reclaimed his own vehicle without presenting a ticket showing that he was entitled to that very car. The fact that he held the keys thereto was enough.

The term "claim check" as employed here is a misnomer. Rather than serving as a means of identification, the "claim check" really was used as a unique and convenient device for billing a customer. Clearly, the relationship of bailment is not established by this fact; the determining factor is the exercise of control. Having failed to establish this essential element, appellee was not entitled to benefit by a presumption of negligence against appellant. Doggett v. King, supra.

Reversed and remanded with instructions to enter judgment for appellant.

HOOD, Associate Judge (dissenting).

I cannot agree there was no bailment here. The lot was enclosed, had only one entrance and one exit, and an attendant was in charge. When the car was left on the lot it was clearly understood that it would not be removed until the fee had been paid; and, in my opinion, when the customer left

the car on the lot it was left in the custody and possession of the operator and a bailment relationship arose.

The claim check issued by the operator of the lot stated: "Reasonable care is given cars left in our custody." True it is that in language following that statement, the operator attempted to relieve itself from all responsibility, but its recognition that the cars were left in its custody and that reasonable care was due to be exercised strengthens my belief that a bailment existed.