The plaintiff claims that while she was a patient in the mental ward of the Hartford Hospital and undergoing shock treatment, the defendant's employees removed her golden wedding ring, her diamond ring, and her Longines gold watch and negligently failed to return them to her.
The court finds that when she arrived at the hospital on July 30, 1960, she did have the three items of jewelry on her person. Because of her mental and physical condition, she has very little memory *Page 367 
of what happened thereafter. The plaintiff's theory is that the hospital nurses removed the items of jewelry prior to the shock treatment. It is somewhat conjectural as to how these items disappeared. The hospital witnesses testified that rarely, if ever, are items of personal jewelry removed from a mental patient, as any possible risk of loss is outweighed by the emotional trauma that might result. It is recognized that if a bailment could be shown, a presumption of negligence on the part of the hospital would arise when the articles were not returned.Malone v. Santora, 135 Conn. 286, 291.
However, the defendant has interposed the defense of charitable immunity. A search of the Connecticut authorities has been made to see whether this defense applies to damage or loss of property as well as to personal injury. No case in point has been found. However, in one case the defense of charitable immunity was held to apply to an action based on fraud. Boardman v. Burlingame,123 Conn. 646. An annotation in 25 A.L.R.2d 29, 52, § 6, makes this statement: "Excepting situations in which a charity is charged with maintaining a nuisance, no distinction is made, in the application of rules governing its immunity from tort liability, between actions for personal injuries or death and actions for damages to property."
 In view of the fact that the defendant is a charitable hospital, in view of the fact that the plaintiff was a "recipient" of the charitable offices of the defendant at the time of the loss of the jewelry, and in view of the fact that no "corporate negligence" has been shown, judgment must be entered for the defendant, with costs.