The complaint alleges that the defendant failed to return a fur coat which the plaintiff had delivered for storage during the spring and summer seasons. The trial court denied any recovery on the counts of conversion and recklessness, but rendered a judgment awarding the plaintiff $450 damages for her loss on the count alleging breach of a bailment contract. The defendant has appealed from that judgment on the ground that the storage receipt given to the plaintiff at the time the fur coat was received limited any recovery to a maximum of $100.
Several paragraphs of the draft finding were not contested, as indicated by the counterfinding, and should have been included in the finding in accordance with the defendant's motion to correct. The finding with those corrections discloses the following facts: The defendant was in the business of storing fur coats for customers. On April 18, 1973, the plaintiff brought her fur coat to the defendant for cleaning, glazing and storage until the next winter season. She was given a printed form of receipt upon the front of which an employee of the defendant had written $100 as the valuation of the coat. There was no discussion of the value of the coat nor did the plaintiff realize that such a value had been written on the receipt, which she never *Page 663 
read until after the loss occurred. In previous years, when the plaintiff had stored her coat with another furrier, a value of $100 had been indicated on the records of that company, which records had come into the possession of the defendant. A space for the customer's signature on the front of the receipt was left blank. Below that space in prominent type appeared a notice to "see reverse side for terms and conditions."
The other side of the receipt stated that the document was a storage contract and that by its acceptance the customer would be deemed to have agreed to its terms unless notice to the contrary was given within ten days. Fifteen conditions were listed, and below those appeared the name of the defendant and a blank space for a signature by one of its agents. One of the conditions was as follows: "Storage charges are based upon valuation herein declared by the depositor and amount recoverable for loss or damage to the article shall not exceed its actual value or the cost of repair or replacement with materials of like kind and quality or the depositor's valuation appearing in this receipt, whichever is least." (Emphasis added.)
In the fall of the year, after the plaintiff had paid the bill for storage and other services on the coat, the defendant informed her that the coat was lost. The fair market value of the coat was found to be $450.
In this appeal the only issue is whether the provisions in the receipt limiting any damages for loss of the coat to a maximum of $100 must be given effect despite the finding of the trial court that the plaintiff never agreed to that provision and had no actual knowledge of it. The defendant claims that that result is required by a section of the Uniform *Page 664 
Commercial Code, General Statutes 42a-7-204 (2),[1]
which provides, in part, that "[d]amages may be limited by a term in the warehouse receipt or storage agreement limiting the amount of liability in case of loss or damage, and setting forth a specific liability per article or item, or value per unit of weight, beyond which the warehouseman shall not be liable."
The commentary on that section of the code indicates that it was enacted in order to resolve a controversy which had arisen in some other states under prior uniform acts as to whether a limitation of the liability of a bailee in a receipt or contract impaired the obligation of reasonable care required of a bailee, in violation of prohibitions against including any such term. 2 Uniform Laws Annotated, Uniform Commercial Code7-204, comment; see Uniform Warehouse Receipts Act, General Statutes 40-4, repealed by Public Acts 1959, No. 133, 10-102. It has been the law of this state that a provision in a receipt wholly relieving a bailee from liability for the loss of property is contrary to public policy and invalid. Malone v. Santora, 135 Conn. 286, 293. On the other hand, a limitation placed by the parties on the extent of the bailee's liability for loss of the goods has been expressly sanctioned. *Page 665 
Samelson v. Harper's Furs, Inc., 144 Conn. 368,373. We conclude that the provision for such a limitation in 42a-7-204 (2) is merely declaratory of the common law of this state. Beaudette and Graham v. Tator 107 Conn. 712, 715; Broderick v. Torkomian, 107 Conn. 99, 100; Coupland v. Housatonic R.R. Co., 61 Conn. 531, 545. We cannot perceive in that enactment any intention to allow such a limitation to become effective apart from an agreement of the parties found to have been made under ordinary principles of contract law. There is no reason to suppose that the statute intended to differentiate a "warehouse receipt" from a "storage agreement" in that respect.
Whether or not a particular provision forms part of a contract is ordinarily a factual question for the trier. The finding that the plaintiff was unaware of the valuation of her coat marked upon her receipt would not be conclusive. An actual "meeting of the minds" would not be required if, under all the circumstances, the plaintiff's conduct would warrant a reasonable belief that she had assented to the terms of the receipt which she received and held for approximately six months. Shulman v. Hartford Public Library, 119 Conn. 428,433; Finlay v. Swirsky, 103 Conn. 624, 633; Hartford Distillery Co. v. New York, N.H. H.R. Co.,97 Conn. 1, 6. Some authorities hold that the acceptance of a warehouse receipt containing a stipulation limiting the liability of the bailee makes the limitation binding as a part of the storage contract if the receipt was received at the time the goods were delivered, regardless of actual notice of the stipulation. Annot., 160 A.L.R. 1115. The modern tendency, however, is to draw a distinction between the bailor who is a business man and one who is a member of the public. World Products, Inc. v. Central Freight Service, Inc., 222 F. Sup. 849, 852 (D. N.J.); *Page 666 
Muelder v. Western Greyhound Lines, 8 Cal.App.3d 319,332. In Connecticut provisions exculpating a bailee or limiting his liability are not necessarily a part of the bailment contract in the absence of actual knowledge of them. Nothnagle v. New York, N.H. H.R. Co., 139 Conn. 278, 281; Malone v. Santora, 135 Conn. 286, 291; Maynard v. James, 109 Conn. 365, 369. The mere handing of a receipt containing such a limitation to a bailor has been held insufficient to require a finding of constructive notice. Malone v. Santora, supra, 291; Maynard v. James, supra, 369. In the present case the trial court found that the plaintiff never read the receipt and that the valuation inserted was never discussed with her. It was not the "depositor's valuation" referred to in the limitation provision, but, rather, that of the defendant's employee. The receipt was not signed by either party although spaces were provided for that purpose by the draftsman of the document. Nothing in the evidence would compel a conclusion that the plaintiff's conduct justified a reasonable person in assuming that she had consented to the limitation of damages contained in the receipt.
 There is no error.
In this opinion PARSKEY and A. ARMENTANO, Js., concurred.