**INDUSTRIAL RECYCLING SYSTEMS, INC., Plaintiff,**

v.

**AHNEMAN ASSOCIATES, P.C., Defendant.**

**No. 92 CV 7788 (BDP).**

United States District Court, S.D. New York.

May 2, 1996.

Alan D. Singer, Davis & Singer, P.C., White Plains, NY, for Plaintiff.

Robin J. Marsico, Gogick & Seiden, New York City, Eric H. Seltzer, Gilbride, Tusa, Last & Spellane LLC, New York City, for Defendant.

### Memorandum Decision and Order

PARKER, District Judge.

This action for malpractice and fraud is before the court on defendant's motion in limine to preclude plaintiff from pursuing certain claims. The plaintiff, Industrial Recycling Systems, Inc. ("Indrec"), filed suit seeking damages for alleged fraud and malpractice in relation to the engineering services rendered by the defendant, Ahneman Associates, P.C. ("Ahneman"), in connection with a landfill operated by Indrec. Indrec has asserted claims based on three causes of action: (1) Ahneman overcharged Indrec for services negligently and improperly rendered in violation of its professional and fiduciary obligations; (2) Ahneman knowingly and purposefully violated its professional and fiduciary obligations in overcharging Indrec and negligently providing services; (3) Ahneman negligently designed and constructed a system to direct surface water to a collection area. Ahneman has counterclaimed seeking the balance owed for engineering services rendered. Familiarity with the facts set

forth in this Court's memorandum decision and order of July 17, 1995 is assumed.[1]

Ahneman has moved in limine to determine the enforceability of a contract that it entered into with Indrec, dated January 22, 1992 ("1992 Agreement"). The 1992 Agreement states in part,

> Engineer [Ahneman] and Client [Indrec] agree and acknowledge that the Engineer has performed engineering and consulting services with respect to the Client's project known as Barnes Land Fill Closure in Barryville, New York ("the Project"). The Client represents that it is satisfied with said services and has no dispute with the amount billed by the Engineer for the same.

■ Ahneman claims that the 1992 Agreement is enforceable and bars Indrec from pursuing its claims based on its third cause of action and so much of the first cause of action as was or should have been known to Indrec prior to January 22, 1992. Relying upon section 52–572k of the Connecticut General Statutes, Indrec claims that the 1992 Agreement is not enforceable and does not bar its claims for overcharging or malpractice.

Section 52–572k provides,

> Any covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of any building, structure or appurtenances thereto including moving, demolition and excavating connected therewith, that purports to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property

caused by or resulting from the sole negligence of such promisee, his agents or employees, is against public policy and void. . . .

C.G.S. § 52–572k(a). Indrec argues that because § 52–574k bars a party from contracting to relieve itself of liability for its own negligence, the 1992 Agreement is not enforceable.

Section 52–572k, however, only applies to contracts of indemnity purporting to indemnify the promisee for damages arising out of bodily injury or damage to property. *See Dunn v. F. & J. Construction Corp.,* 1991 WL 27821 (Conn.Super. *2). The 1992 Agreement does not purport to indemnify Ahneman for damages arising out of bodily injury or damage to property. Indrec's negligence claim against Ahneman is not for damages arising out of bodily injury or damage to property, but rather for damages arising from malpractice or services improperly rendered. Thus, § 52–572k is inapplicable. *Cf. Larson v. Dahl Oil Co.,* 1992 WL 118547 (Conn.Super. *2–3).

■ "Generally speaking, [however,] agreements exempting parties from liability for their own negligence are not favored by the law and, if possible, are construed so as not to confer immunity from liability," *Fedor v. Mauwehu Counsel Boy Scouts of America,* 21 Conn.Sup. 39 (1958); *see also Rodriguez v. Gilbertie,* 33 Conn.Sup. 582, 584–85 (1976); *Malone v. Santora,* 135 Conn. 286, 293, 64 A.2d 51 (1949). Despite the difficulty that negligence disclaimers have encountered, they have not been categorically denounced by the Connecticut Supreme Court or by the legislature. Instead, Connecticut courts

---

1. In its memorandum decision and order, dated July 17, 1995, this Court granted Ahneman's previous motion for partial summary judgment on the issue of duress. Indrec had claimed that the 1992 Agreement was voidable because it was executed under duress. This Court held that Indrec had failed to raise a genuine issue of material fact as to the fourth element of a duress defense—that the circumstances permitted no alternative, *see U.S. West Financial Services, Inc. v. Tollman,* 786 F.Supp. 333, 338 (S.D.N.Y.1992).

After briefing the issue under New York law, Indrec now claims that because the 1992 Agreement provides that it is to be governed by Con-

necticut law, this Court must revisit the duress issue under Connecticut law. The elements of duress, however, are substantially the same under Connecticut law as under New York law. *See Becker v. New Haven Savings Bank,* 1985 WL 5965 (D.Conn. *2) (elements of duress include "immediate necessity on [sic] the plaintiff to escape a threatened injury so that there [i]s no avenue of escape other than" acceptance of defendant's terms). Thus, even if this Court were to find that Connecticut law governed, it would still grant Ahneman's motion for partial summary judgment on the duress issue.

have taken a case-by-case approach. *See Comind, Companhia de Seguros v. Sikorsky Aircraft Division of United Technologies Corp.,* 116 F.R.D. 397, 420 (D.Conn.1987).

Ahneman argues that the 1992 Agreement is not a "negligence disclaimer," but a settlement agreement, because it was executed after Ahneman had completed its engineering services and was preceded by disputes over Ahneman's bills. Ahneman further argues that because the 1992 Agreement addresses the quality of its services and the amounts charged, it precludes proof of its alleged negligence and overcharging.

The 1992 Agreement neither expressly exempts Ahneman from liability nor expressly releases Ahneman of all claims against it arising from the provision of services. On its face, it neither purports to be a "negligence disclaimer" nor a "release." Thus, whether it is valid and enforceable as a "negligence disclaimer" or as a settlement and release of Indrec's claims against Ahneman depends upon disputed issues of fact, such as the intention and knowledge of the parties upon its execution. Therefore, this Court concludes that there are questions in connection with Ahneman's motion in limine that must await further development of the factual issues in this case.

In conclusion, defendant's motion in limine to preclude plaintiff from pursuing its claims based on its first and third causes of action is denied without prejudice and with leave to renew at trial.

SO ORDERED.