[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12597
The plaintiff brought this action against the defendant CSRC Associates for wrongfully obtaining and executing on a summary process judgment. She also brought this action against the defendant Ace Van and Storage, Inc. (Ace), the party that removed and warehoused her personal property upon the sheriff's execution, for losing, destroying or stealing certain of that property. The case was tried to the court. After the plaintiff had rested, the court granted the motion to dismiss of the defendant CSRC Associates for failure of the plaintiff to establish a prima facie case. The trial proceeded and concluded as against Ace.
The plaintiff's claim against Ace sounds in bailment. Ace concurs that its duty with respect to the plaintiff was that of a bailee.[1] "In the care of property, the bailee's contractual obligation is to exercise due care for the safekeeping of the bailed property, and, so, essentially, when loss or damage occurs, liability is based on negligence, even though negligence constitutes a breach of contract. Maynard v. James,109 Conn. 365, 368, 146 A. 614. Once a bailment has been established and the bailee is unable to redeliver the subject of the bailment in an undamaged condition a presumption arises that the damage to or loss of the bailed property was the result of the bailee's negligence." Barnett Motor Transportation Co. v. Cummins Dieselof Conn., 162 Conn. 59, 63, 291 A.2d 234 (1971). The court finds that Ace beached the bailment and was unable to redeliver to the plaintiff a violin, gold rings and cookware.
"The measure of damages for loss or damage to the subject matter of a bailment is the value of the property at the time of the loss or damage; Griffin v. Nationwide Moving Storage Co.,187 Conn. 405, 419, 446 A.2d 799 (1982); the plaintiff bears the burden of proof with regard to his damages. Simone Corporation v.Connecticut Light Power Co., 187 Conn. 487, 495, 446 A.2d 1071
(1982)." Dixon v. Trubisz, 17 Conn. App. 216, 217, 551 A.2d 1259
(1988); see also Broderick v. Torkomian, 107 Conn. 99, 100,139 A. 506 (1927).
Remarkably, the plaintiff failed to offer evidence of the value of the property lost by Ace. Although the violin was purchased in 1993, the year just preceding the January, 1994 eviction, there was no evidence of its condition. Compare CT Page 12598Saporiti v. Austin A. Chambers Co., 134 Conn. 476, 479,58 A.2d 387 (1948). The same is true of the plaintiff's cookware. The rings, however, were purchased in the month preceding the plaintiff's eviction for a price of $200 each. Common experience suggests that such items do not so readily depreciate in value. The cost of such items, being fairly contemporaneous with their loss, is competent evidence of value. See State v. Gyuro,156 Conn. 391, 398, 242 A.2d 734, cert. denied, 393 U.S. 937,89 S.Ct. 301, 21 L.Ed.2d 274 (1968); State v. White,37 Conn. Sup. 796, 800-803, 437 A.2d 145 (App. Sess. 1981).
Judgment may enter for the plaintiff in the amount of $400.00.
BY THE COURT
Bruce L. Levin Judge of the Superior Court